UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MACK,

        Plaintiff,                            Case No. 12-cv-10300

vs.                                            HON. MARK A. GOLDSMITH

CITY OF DETROIT, et al.,

        Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT (Dkt. 38), DISMISSING THE CASE WITHOUT PREJUDICE, AND DENYING PLAINTIFF'S MOTION TO COMPEL (Dkt. 39) AS MOOT[1]

Plaintiff Richard Mack filed the instant action against Defendants City of Detroit, Mia Nikolich, and R. Nill on January 24, 2012, alleging constitutional violations, as well as state claims for assault and battery, intentional infliction of emotional distress, and malicious prosecution. Compl. (Dkt. 1).

The parties appeared for a settlement conference before the Court on July 8, 2013. At that conference, the parties agreed — subject to approval by the Detroit City Council and Emergency Manager — to undergo binding high/low arbitration, and this agreement was placed on the record. See 7/8/2013 Tr. (Dkt. 38 at 18-27 of 28 (cm/ecf pages)).[2] Counsel examined Plaintiff on the record to ensure that he understood and agreed to the terms of the agreement. As relevant here, the following line of questioning occurred with Plaintiff:

---

[1] The Court concludes that oral argument would not assist with resolution of the instant motions. See E.D. Mich. LR 7.1(f)(2).

[2] In high/low arbitration, the parties agree on the minimum and maximum amounts that are recoverable in the binding arbitration. See Alan S. Gutterman, Business Transactions Solutions § 101:21 (Apr. 2015).

MR. MUELLER: The settlement, let me just go through some of the parameters of what we've discussed before. Obviously we're all aware of the dire financial condition of the City of Detroit.

MR. MACK: Yes.

MR. MUELLER: As are you?

MR. MACK: Yes.

      \*     \*     \*

MR. MUELLER: You have agreed to a binding arbitration agreement and I'll run through these parameters with you and make sure that we are all on the same page, okay?

MR. MACK: Sure.

MR. MUELLER: It would be binding arbitration subject to City Council and emergency manager approval. You understand?

MR. MACK: Yes.

      \*     \*     \*

MR. MUELLER: . . . Mr. Mack, you understand that by, by entering into this agreement for binding arbitration, you're taking the case out of the court system and waiving your right to go to a jury trial?

MR. MACK: Umm, yes.

MR. MUELLER: You understand we could still proceed to trial, but then we'd have all those considerations that we had talked about if we receive a verdict, the potential of appeal and a time issue with respect to potential bankruptcy by the City. You understood that and that's why you're entering into this arbitration arrangement?

MR. MACK: Yes.

      \*     \*     \*

MR. DeJONGH: . . . Mr. Mack, I just want to make it abundantly clear that this is a final settlement in resolution of your case in its entirety; that if you leave this courtroom today and reconsider, for all intents and purposes this is a final settlement. Do you understand that?

> MR. MACK: Yes.
>
>       \*    \*    \*
>
> THE COURT: All right. So Mr. Mack, you're in agreement then with this manner of resolving your lawsuit by going into the arbitration with the high and the low figures that the attorneys mentioned on the record? You're okay with that?
>
> MR. MACK: Yes, sir.

Id. Before the Detroit City Council and the Emergency Manager approved the settlement, however, the City of Detroit filed for bankruptcy. The Court stayed the case while bankruptcy proceedings were ongoing. See 7/31/2013 Order (Dkt. 33).

Following the City of Detroit's emergence from bankruptcy, Defendants filed a motion to enforce the settlement (Dkt. 38). Defendants asserted that the agreement had been submitted to the Detroit City Council on March 3, 2015 for approval, and that the City Council approved the agreement on March 24, 2015. See Defs. Mot. at 4-5. Defendants also argued that the requirement of the Emergency Manager's approval had been rendered moot, because the Emergency Manager had resigned and "the authority remanded to the executive and legislative branches of local government in the City of Detroit." Id. Defendants further noted that Plaintiff had not dismissed the City of Detroit from the lawsuit, that the bankruptcy proceedings did not remove the City of Detroit from the lawsuit, and that the City of Detroit remained obligated to represent and indemnify the individual-officer Defendants per the Detroit City Council's approval on October 30, 2012. Id. at 5. Accordingly, Defendants requested that the Court enforce the agreement, and require binding arbitration. Id.

Plaintiff filed a two-paragraph conclusory response that contained no citation to case law. The entirety of Plaintiff's response is set forth below:

3

> On July 8, 2013, the parties in this lawsuit agreed, in open court, to place the case into binding arbitration, with certain "high/low" parameters. Ten days later, the City of Detroit filed the largest municipal bankruptcy filing in the history of the United States. Now, after the City was ruled to be protected from direct obligation to the Plaintiff by virtue of bankruptcy protection, the remaining individual Defendants seek to enforce the original agreement.
>
> The Court should not enforce the original agreement because the City of Detroit, a party to the original agreement, is no longer a party in the case. The settlement agreement was reached between Plaintiff and the City of Detroit, as well as the individual Defendants. Since the City of Detroit is no longer directly obligated to Plaintiff, by virtue of its bankruptcy protection, the contract to place the case into binding arbitration should be ruled unenforceable.

Pl. Am. Resp. at 1 (Dkt. 42).

Plaintiff — represented by counsel — has cited no authority in support of his conclusory argument that the filing of bankruptcy by one party to an agreement should render that agreement unenforceable in its entirety. Nor has he identified any prejudice resulting from the Court's enforcement of the agreement. It is not the Court's function to find authority in support of a party's position or argument. This alone is grounds for rejecting Plaintiff's argument. See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); Wholesale Petroleum Partners, L.P. v. S. Cent. Bank of Daviess Cnty., Inc., 565 F. App'x 361, 366 (6th Cir. 2014) (declining to address an issue, because the party "offer[ed] no citations to any legal authority in support of its position"); Hensley v. Gassman, 693 F.3d 681, 687 n.6 (6th Cir. 2012) (same); Bishop v. Gosiger, Inc., 692

4

F. Supp. 2d 762, 774 (E.D. Mich. 2010) (deeming an argument abandoned due to the party's failure "to develop it with any discussion of facts or citation of authority").

Furthermore, in general, settlement agreements are "final and cannot be modified." See Smith v. Smith, 823 N.W.2d 114 (Mich. Ct. App. 2011). These agreements will not be set aside absent fraud, mutual mistake, or duress. Streeter v. Mich. Consol. Gas Co., 65 N.W.2d 760, 764 (Mich. 1954); see also Clark v. Progressive Ins. Co., No. 319454, -- N.W.2d --, 2015 WL 966035, at *3-4 (Mich. Ct. App. Mar. 5, 2015). But Plaintiff does not claim fraud, mutual mistake, or duress. Indeed, the record clearly reflects that he understood and contemplated the City of Detroit's tenuous financial position when entering into the agreement, including the possibility of bankruptcy by the City. Plaintiff cannot now claim that the fact that the bankruptcy came to fruition is a grounds for invalidating the agreement. Nor is the Court aware of any authority stating that the bankruptcy of one party to an agreement necessarily renders that agreement unenforceable as to the remaining parties. Cf. Harkless v. Husted, 06-cv-02284, 2011 WL 2149179, at *26 (N.D. Ohio Mar. 31, 2011) (concluding that a settlement agreement was still enforceable, despite one plaintiff filing for bankruptcy).[3]

Accordingly, the Court grants Defendants' motion to enforce the settlement (Dkt. 38). Plaintiff is bound by his agreement to participate in binding high/low arbitration, given the City

---

[3] Notably, Defendants dispute Plaintiff's assertion that the City of Detroit is no longer a party to the case in light of the bankruptcy. Defendants claim that the Chapter 9 Plan of Adjustment simply "determined that the monetary liability of solely the City of Detroit would be subject" to the Plan. Moreover, Defendants highlight that any award against the co-Defendant individual officers will be paid by the City of Detroit outside of the bankruptcy, in light of the City's agreed-upon responsibility for defending and indemnifying these parties. Defs. Reply at 2-3 (Dkt. 43).

Council's recent approval of the agreement.[4] The Court, therefore, dismisses this case without prejudice, as discussed by the parties on the record during the settlement conference. See 7/8/2013 Hr'g Tr. at 22 of 28 (cm/ecf page). The case will be subject to reopening for entry of a judgment and conversion of the dismissal to one with prejudice. Id.

In light of the Court's decision and dismissal of the case without prejudice, the Court also denies as moot Plaintiff's motion to compel the production of documents pertaining to the police review board hearings (Dkt. 39). This motion was filed after the arbitration agreement in this case was effectuated. Plaintiff did not seek to compel this discovery before entering into the agreement, nor did he claim that the Court — as opposed to the arbitrators — needed to resolve this discovery dispute. Accordingly, the Court denies the motion without prejudice to Plaintiff raising this issue with the selected arbitrators.

SO ORDERED.

Dated: June 10, 2015  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2015.

s/Carrie Haddon
Case Manager

---

[4] Plaintiff does not dispute Defendants' assertion that the requirement that the Emergency Manager also grant approval has been rendered moot.

6